FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD FUEL SERVICES, INC., trading as MARINE ENERGY, <br><br> and <br><br> WORLD FUEL SERVICES (SINGAPORE) PTE LTD, trading as MARINE ENERGY, <br><br> Plaintiffs, <br><br> vs. <br><br> M/V CARIBBEAN GALAXY, its freights, engines, apparel, and tackle, <br><br> Defendant *in rem*. | Case No.: CV 11-1194 JHN (CWx) <br><br> **IN ADMIRALTY** <br><br> **ORDER GRANTING MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

Plaintiff having appeared and made the following recital:

1. A verified complaint has been filed requesting that a warrant of arrest issue for the M/V EASTERN SUN (hereinafter, the "Vessel").

2. The Clerk of this Court has been requested to issue the warrant, commanding the United States Marshal for this District to arrest and take into the custody the Vessel until further Order of this Court respecting the same.

3. It is contemplated that the United States Marshal will be able to seize the Vessel. Custody of the Vessel will require the services of one or more keepers.

**Custodian for the Vessel**

4. The Vessel will be berthed in this District. In the interest of allowing the Vessel to remain in the hands of a competent person and to save unnecessary expenses, plaintiff wishes to have Nielsen Beaumont Recovery and Custodial Services,

Inc., an experienced substitute custodian approved by the Marshal of this District, appointed as substitute custodian of said Vessel.

5. Plaintiff, in consideration of the Marshal's consent to the substitution of custody of the Vessel, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto pertaining and belonging, from the time the Marshal transfers custody of said Vessel over to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessel.

6. **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal be authorized and directed to surrender the possession and custody of the Vessel to Nielsen Beaumont Recovery and Custodial Services, Inc. as substitute custodian for such Vessel and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless for any and all claims arising whatever out of said substituted possession and safekeeping of the Vessel.

7. **IT IS FURTHER ORDERED** that all Marshal's costs and fees, including costs and fees of the substitute custodian, shall be paid as a matter of priority to all other claimants against the Vessel or attached or garnished property, prior to release of said Vessel or property.

8. **IT IS FURTHER ORDERED** that the Vessel be allowed to be moved from the location of arrest to another suitable slip within the Port in this District, as necessary, in order to accommodate the orderly business of the Port.

**SO ORDERED** February  8 , 2011.

_____
United States District Judge